**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 1:05 CR 573** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **MELVIN CROCKET,** ) | |
| ) | |
| **Defendant.** ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant, Melvin Crocket's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docket #127.) Previously, Crocket was indicted for his role in a drug conspiracy and charged in a multi-count, multi-defendant, superseding indictment. Count One of the indictment charged Crocket with conspiracy to possess with intent to distribute and distribution of cocaine base (crack), in violation of Title 18 United States Code, Section 841(a)(1), (b)(1)(A) and 846. Counts Three and Six of the indictment charged Crocket with distribution of cocaine base (crack), in violation of Title 18 United States Code, Sections 841(a)(1)(b)(1)(C). Count Seven of the indictment charged Crocket with possessing a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(C).

On March 23, 2006, Crocket entered into a plea agreement with the United States, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  Crocket entered pleas of guilty to Count One of the Indictment, which was amended to Title 18 United States Code, Sections 841(a)(1), (b)(1)(C), and 846 to reflect the amount of drugs attributable only to Crocket and Count Seven of the Indictment, possessing a firearm in furtherance of a drug trafficking offense, in violation of Title 18 United States Code, Section 924(C).  As part of the plea agreement, Crocket agreed "to recommend that the Court impose a sentence within the range determined pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations" provided in the Agreement.  Further, Crocket agreed that he waived the right to challenge his conviction or sentence collaterally through a post-conviction proceeding, including through a Title 28, United States Code, Section 2255.

On June 22, 2006 Crocket was sentenced to 27 months as to Count One and 60 months as to Count Seven, to be served consecutively to each other.

On June 6, 2007, Crocket filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Crocket sets forth three separate grounds for relief.  First, Crocket argues that the Court "erred in treating the 100:1 crack versus powder cocaine differential as mandatory in sentencing.  Second, Crocket argues that the sentence of 27 months as to Count One of the indictment was "a substantially unreasonable sentence."  Third, Crocket argues that Counsel was ineffective in failing to object to the Court's "mandatory use of the 100:1 ratio at sentencing and as to appropriateness."

On July 26, 2007, the Government filed its Response in Opposition to Crocket's Motion to Alter Sentence (Docket #130).  The Government asserts that the Motion should be denied because (1)

in the Plea Agreement, Crocket waived his ability to raise issues through 28 U.S.C. § 2255; (2) in the Plea Agreement, Crocket agreed that the Court should sentence him within the range determined pursuant to the advisory Sentencing Guidelines in accordance with the computations and stipulations; and, (3) the Sixth Circuit has consistently found that the 100:1 powder-to-crack ratio is not a constitutional violation and therefore, counsel was not ineffective.

## Discussion

Crocket seeks to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, which states, in pertinent part:

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

However, in his plea agreement, Crocket waived his right to bring a proceeding under 28 U.S.C. § 2255.

In *Watson v. United States,* 165 F.3d 486, 488-89 (6th Cir. 1999), the Sixth Circuit addressed a similar waiver and found the agreement to effectively bar petitioner from bringing collateral attacks against the validity of his plea agreement. The *Watson* court determined that "the right to seek post-conviction relief [is a] statutory right[] that may be waived if the waiver is knowingly, intelligently, and voluntarily made." *Id.* at 488 (citation omitted). When a valid waiver is executed in a plea agreement, the court concluded that a petitioner "relinquishe[s] his right to collaterally attack his sentence through a § 2255 motion." *Id.* at 489.

In the matter at hand, Petitioner does not claim that his waiver was unknowingly or involuntarily

made, and the record confirms that his waiver was, in fact, knowingly, intelligently, and voluntarily made. Thus, Petitioner has relinquished his right to collaterally attack his sentence. *Id.*

In addition to the above, the Plea Agreement included the following language:

> The parties agree to recommend that the Court impose a sentence within the range determined pursuant to the Advisory Sentencing Guidelines in accordance with the computations and stipulations set forth below.

See Plea Agreement at Paragraph 5. Accordingly, Crocket cannot now complain of his sentence, as the express terms of his Plea Agreement clearly state his agreement to be sentenced within the stipulated range.

Further, Crocket's sentence was proper, despite his claim that consideration of the 100:1 ratio would benefit him. The Sixth Circuit has repeatedly held that the 100:1 powder-to-crack ratio is constitutional. *See United States v. Washington*, 127 F.3d 510, 516-19 (6th Cir. 1997); *United States v. Welch*, 97 F.3d 142, 154 (6th Cir. 1996). Accordingly, this argument is substantively without merit.

Finally, the Court finds no merit to Crocket's claim of ineffective assistance of counsel. In order to vacate a judgment based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test articulated in *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland,* Crocket must (1) show that counsel's performance was deficient, *i.e*, that it fell below an "objective standard of reasonableness," *id.* at 687-88, and, (2) demonstrate that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

Crocket argues that Counsel was ineffective in not objecting to the 100:1 ratio between crack and powder cocaine at his sentencing hearing. However, as stated above, it is well-settled in the Sixth Circuit that the 100:1 ratio is constitutional. Further, Crocket agreed to the calculated guideline range. Therefore, the fact that Counsel did not object to the 100:1 ratio did not prejudice Crocket and there is no basis for his claim of ineffective assistance of Counsel.

## Conclusion

Based on the foregoing, Crocket's Motion to Vacate, Set Aside or Correct Sentence (Docket #127) is hereby DENIED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

        s/ Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED: August 7, 2007